## MONAGAS ET AL. *v.* ALBERTUCCI.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 561.—Resuelto en junio 5, 1911.

APELACIÓN—FALTA DE ESPECIFICACIÓN DE ERRORES EN EL ALEGATO—EXCEPCIONES TOMADAS EN EL JUICIO.—Cuando el apelante deja de cumplir los preceptos de los artículos 42 y 43 del Reglamento de este tribunal, dejando de hacer en su alegato una especificación de los errores en que funda el recurso, este tribunal puede considerar las excepciones tomadas en el acto del juicio, sobre todo cuando envuelven una cuestión fundamental y la parte contraria no se opone a ello.

INTERPRETACIÓN DE UN CONTRATO ESCRITO—VENTA CON PACTO DE RETRO—INTEN-
CIÓN DE LOS CONTRATANTES.—Para determinar si un contrato escrito de venta
con pacto de retro es tal contrato, o es simplemente una hipoteca, puede
por regla general partirse de la base de si existía o nó entre los contratantes
una deuda o una obligación, pues si existía puede considerarse el contrato
como uno de garantía hipotecaria, y en el caso contrario, como simplemente
un contrato de venta con pacto de retro.

ID.—INTENCIÓN DE LOS CONTRATANTES—CIRCUNSTANCIAS QUE DEBEN ESTU-
DIARSE.—Para determinar la verdadera intención de los contratantes en un con-
trato de venta con pacto de retro, y decidir si es tal contrato o simplemente
una garantía hipotecaria, los tribunales pueden apreciar las siguientes cir-
cunstancias: existencia de un convenio colateral celebrado por el vendedor
obligándose a pagar al comprador determinada suma de dinero; pago de inte-
reses por el vendedor; precio bajo de la venta; continuación del vendedor en
posesión de la cosa vendida y solicitud de préstamo hecha por el mismo antes
o durante las negociaciones para la venta.

ID.—VENTA CON PACTO DE RETRO—ADMISIÓN DE PRUEBA ORAL—PRUEBA INAD-
MISIBLE.—Es inadmisible la prueba oral o testifical para desvirtuar los tér-
minos de un contrato escrito de venta con pacto de retro, para justificar que no
es tal contrato sino uno de garantía hipotecaria, cuando de la intención de las
partes y de los actos anteriores y coetáneos de los contratantes, no se deduce tal
conclusión.

Los hechos están exprèsados en la opinión.

Abogados de los apelantes: *Sres. F. L. Cornwell y Fer-
nando Vázquez.*

Abogado de la apelada: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tri-
bunal.

Esta acción fué entablada para redimir una casa y solar
de una venta condicional que los demandantes alegan haber
sido solamente una hipoteca.  El 7 de marzo de 1910, la Corte
de Distrito de Mayagüez dictó en el presente caso, la siguiente
sentencia:

"Esta causa fué llamada para juicio el día once de febrero de 1910,
compareciendo los demandantes por sus abogados Sres. F. L. Cornwell
y Fernando Vázquez, y la demandada por el suyo Sr. Miguel Juan
Llaneras.  Oídos los alegatos, la prueba practicada y considerados los
*briefs* presentados por ambas partes, la corte reservó su decisión hasta
el día de hoy en que presenta su exposición de hechos probados y con-
clusiones de derecho y de acuerdo con los mismos ordena que los de-
mandantes dentro del término de quince días, paguen a la demandada

la suma de seis mil dollars de principal, más cien dollars en concepto de las mejoras hechas en la finca de que se trata por la demandada y que la demandada devuelva y entregue a los demandantes la posesión de dicha finca y les otorgue una buena escritura de traspaso; y en caso de que se negare, que se depositen dichas sumas, dentro del término señalado, en la secretaría de esta corte a la disposición de la demandada y que se otorgue dicha escritura por el márshal de esta corte; y se falla este pleito sin especial condena de costas. Regístrese esta sentencia en el libro correspondiente de la corte y líbrese mandamiento al márshal para su cumplimiento."

Contra esta sentencia ambas partes apelaron ante este tribunal, habiéndose celebrado ante el mismo la vista del caso el 11 de enero pasado. No habiendo cumplido ninguna de las partes apelantes con las reglas 42 y 43 de este tribunal, en el acto de la vista y al terminarse la argumentación oral, se llamó la atención a esa omisión y a petición de las partes se les concedieron diez días a cada una para presentar un pliego de errores. El último de los días concedidos el demandante presentó un pliego de errores de acuerdo con las reglas, pero no así el demandado.

Aunque la demandada dejó de presentar un pliego de errores de acuerdo con el permiso concedido a su abogado el día de la vista antes este tribunal, se tomó una excepción en el acto de la vista en la corte inferior, que consta en los autos y que plantea claramente la cuestión por lo que respecta a su derecho, y como envuelve un error fundamental, si ha sido bien alegada, puede ser considerada en este tribunal, en la ausencia de objeción alguna respecto a ella por la parte contraria.

Consta en los autos como sigue:

"Al declarar el demandante Juan A. Monagas, manifestó la demandada que los demandantes trataban de presentar prueba para desvirtuar la existencia de un documento escrito y esa prueba testifical era impertinente. Los demandantes manifestaron que iban a probar que el documento no era una venta sino que la intención de ellos fué hacer una hipoteca. El demandado replicó que sólo era válida la hipoteca

que constaba en una escritura pública.  El juez admitió esa prueba y la demandada tomó excepción.''

Por consiguiente examinaremos primero la cuestión planteada por la excepción de la demandada.  La demandada virtualmente sostiene la proposición de que era inadmisible evidencia oral, según nuestro Código Civil, para variar las condiciones de la venta; y que se había dado una interpretación indebida al contrato escrito celebrado entre las partes.

Todo el caso en realidad gira sobre la cuestión de si el documento escrito objeto de controversia era una hipoteca o una venta condicional.  Si es lo segundo, deben cumplirse las condiciones del mismo; si es lo primero, debe permitírsele al demandante que devuelva el dinero recibido haciéndole un traspaso de los bienes.  La verdadera intención de las partes en el momento de otorgar el documento escrito, es la que debe regir en la interpretación que le den los tribunales.  Esto debe averiguarse de las circunstancias que concurrieron en la transacción y del texto del documento mismo.  La norma correcta, en los casos en que tenga aplicación, es la continuación de la existencia de una deuda u obligación entre las partes.  De existir tal deuda u obligación, la venta puede considerarse meramente como una garantía de la deuda o como indemnización de una obligación.  Por el contrario, si no existe deuda u obligación, entonces la transacción no es una hipoteca y sí meramente una venta con pacto de retracto dentro de un tiempo determinado.  Aun cuando cada caso debe contener sus propios hechos especiales, ciertas circunstancias se consideran como importantes, y los tribunales las consideran como aclarando la intención real de las partes y la naturaleza de tales transacciones; tales son la existencia de un contrato colateral ejecutado por el cedente para el pago de dinero al cesionario, su obligación de pagar interés, que el precio de la venta sea inadecuado, que el cedente quede todavía en posesión de los bienes traspasados, y cualquier negociación o solicitud de un préstamo con anterioridad o durante la transacción que dió lugar al traspaso.

La doctrina americana sobre este punto no difiere materialmente de los principios enunciados en nuestro Código Civil.

3 Pomeroy's Equity Jurisprudence, párrafos 1194 y 1195.

Código Civil de Puerto Rico, párrafos 1248, 1249, 1250, 1348, 1410 y 1421.

De acuerdo con estos principios, debemos considerar el traspaso en este caso como una venta condicional, y que el demandante ha faltado al cumplimiento de los términos de la misma.

Estamos, además, convencidos que la excepción del demandado estuvo bien tomada y debió haber sido declarada con lugar; y que la transacción hecha por las partes fué una venta condicional, y que la corte erró en la sentencia dictada. Puesto que todos los señalamientos de errores de los demandantes se basan en la suposición de que el contrato fundamental era una hipoteca y nosotros declaramos que es una venta condicional, es innecesario seguir considerándolos aquí.

En cuanto a la primera cuestión legal sometida por los demandantes, además de su pliego de errores, no podemos convenir en que en el contrato se haya consignado una causa falsa y por lo tanto rehusamos declararlo nulo, según el artículo 1243 del Código Civil. La segunda cuestión legal es inmaterial después de la apreciación que hemos hecho de la ley y de los hechos del caso según constan en los autos.

Opinando de este modo, debe revocarse la sentencia apelada y declararse sin lugar la demanda, sin especial condenación de costas.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.