# 96 DTA 63

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL IV

CONSON INCORPORATED
Demandante-Recurrido

v.

CARLSON TRAVEL NETWORK Y VIAJES GALIANA
Demandados -Terceros Demandantes-Peticionarios

ARTHUR ANDERSON & COMPANY
Terceros-Demandados-Recurridos

Núm. KLCE-96-00273

San Juan, Puerto Rico, a 19 de abril de 1996

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La parte peticionaria Carlson Travel Network y Viajes Galiana nos solicita que revisemos una resolución emitida el 16 de febrero de 1996 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan y notificada según se alega el 28 de febrero de 1996. ■ En dicha resolución, se declaró no ha lugar la solicitud de sentencia sumaria presentada por la parte peticionaria por entender que existía controversia en cuanto a los hechos del caso.

Luego de analizar los hechos y el derecho aplicable, se deniega expedir el auto de *certiorari* solicitado por los siguientes fundamentos.

El 6 de diciembre de 1994 la parte recurrida Conson Incorporated instó demanda por incumplimiento de contrato contra Carlson Travel Network y Viajes Galiana. En su demanda alegó que durante el verano de 1994, las partes llegaron a un acuerdo por el cual Conson prestaría servicios consistentes en proveer hotel y transportación terrestre a la compañía Arthur Anderson, cliente de Viajes Galiana, para un viaje de excursión a San Martín. Aduce Conson que la parte peticionaria se negó a pagar $39,672.36 del total adeudado por los servicios prestados.

El 10 de febrero de 1995 la parte peticionaria contestó la demanda negando el incumplimiento. Sostuvo que sólo se debían $26,000.00 según un acuerdo verbal habido entre las partes el 18 de noviembre de 1994, el cual fue repudiado por el Presidente de Conson, Sr. Angel Ramírez luego de haberse redactado una estipulación al respecto. Añadió además en una reconvención interpuesta por ellos, que Conson sobrefacturó algunas partidas de consumo y gastos imputados a Arthur Anderson, en contra de las mejores prácticas de la industria y que a consecuencia de estos inconvenientes Viajes Galiana perdió la cuenta de dicho cliente que ascendía a $200,000.00 anuales.

Para el 26 de septiembre de 1995, la parte peticionaria presentó una solicitud para que el tribunal de instancia dispusiera del caso sumariamente. Argumenta principalmente que Conson no tiene facultad en ley para realizar negocios como mayorista de viajes y sólo tenía autorización para actuar como corredor de transporte terrestre en Puerto Rico, por lo que no poseía capacidad jurídica para entablar el pleito. Además, dado el hecho de que todas las actividades terrestres se realizarían en San Martín, Conson no tenía autoridad para realizar la excursión en la referida isla desde Puerto Rico.

La solicitud de sentencia sumaria fue apoyada por la parte peticionaria con una Resolución y Orden dictada por la Comisión de Servicio Público de Puerto Rico el 10 de febrero de 1989, en la que

se hace constar que Conson tenía permiso para prestar servicios como corredor de transporte en Puerto Rico por cinco (5) años. Por lo cual a la fecha en que se realizó las transacciones con la parte peticionaria su autorización estaba vencida.

El 15 de diciembre de 1995 Conson presentó a su vez moción de sentencia sumaria, en la que planteó que no se le requería licencia expedida por la Comisión de Servicio Público para operar como mayorista de viaje y que no había disposición legal que regulara sus funciones. En réplica a dicha moción la parte peticionaria reiteró sus alegaciones y solicitó se desestimara la demanda por haberse realizado un acto jurídico nulo e inexistente.

Mediante resolución emitida el 16 de febrero de 1996 el tribunal de instancia declaró no ha lugar la moción de sentencia sumaria de la parte peticionaria, concluyendo que existían controversias que ameritaban una vista.

Ante dicho pronunciamiento judicial debemos resolver en el presente recurso, si incidió el tribunal de instancia al denegar dictar una sentencia sumaria, donde se declarara nulo el contrato de servicios entre las partes.

## II

La Regla 36 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, faculta al tribunal a que discrecionalmente dicte sentencia sumaria a favor de una parte. El mecanismo de sentencia sumaria tiene el propósito de aligerar la tramitación de un caso sin necesidad de que se tenga que celebrar vista en los méritos, cuando de los documentos no controvertidos que se acompañan con la solicitud surge que no existe disputa de hechos a ser dirimida y que sólo debe aplicar el derecho. *Neca Mortgage v. A & W Developers,* opinión de 7 de febrero de 1995, **95 J.T.S. 10,** pág. 603; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986). Al dictarse una sentencia sumaria no se puede poner en peligro o lesionar los intereses de las partes envueltas en el litigio. *Marín y Sotomayor v. American International Insurance Co. of P. R.,* opinión de 28 de octubre de 1994, **94 J.T.S. 132,** pág. 347; *Phillip Morris, Inc. v. Tribunal Superior,* 103 D.P.R. 207, 216 (1975).

Se ha reconocido que *"[l]a sentencia sumaria es un remedio extraordinario que sólo debe concederse, cuando el derecho del oponente surge con claridad y cuando el promovente ha tenido oportunidad adecuada de demostrar que el oponente no tiene derecho a que se dicte sentencia en su favor, como cuestión de derecho." Pérez Sánchez v. Advisor Mortgage Investor,* opinión de 3 de junio de 1992, **92 J.T.S. 61**, pág. 907; *Consejo de Titulares de Condominio Parkside, etc. v. MGIC Financial Corporation,* opinión de 13 de junio de 1991, **91 J.T.S. 54**, pág. 8669. No debe dictarse una sentencia sumaria si existe una controversia sustancial de hechos, que requiere la celebración de una vista. *PFZ Properties, Inc. v. General Accident Insurance Co.,* opinión de 7 de septiembre de 1994, **94 J.T.S. 116**, pág. 125.

Una vez el tribunal tiene ante sí todos los documentos, debe analizar los hechos en la forma más favorable a la parte que se opone a que se dicte la sentencia sumaria y además presumir como ciertos todos los hechos no controvertidos. *Bonilla Medina v. Partido Nuevo Progresista,* opinión de 13 de marzo de 1996, **96 J.T.S. 33**, pág. 790; *Méndez Arocho v. El Vocero,* opinión de 30 de junio de 1992, **92 J.T.S.94,** pág. 9715.

## III

De un análisis y evaluación de la prueba documental presentada ante nos y conforme a las normas de derecho antes expresadas, concluimos que no incidió el tribunal de instancia al denegar la sentencia sumaria. La prueba no sostiene la posición de la parte peticionaria para que el tribunal mediante el remedio extraordinario de sentencia sumaria decretara la nulidad del contrato, cuando existe una controversia sustancial de hechos materiales sobre las alegadas distinciones entre un agente de viajes, un mayorista de excursiones y sus responsabilidades legales. ■

De otra parte, existe una controversia real referente a si Conson tenía facultad en ley para prestar servicios de transportación terrestre en la isla de San Martín y los alegados permisos otorgados para realizar negocios como corredor de transporte en Puerto Rico, la cual requiere para su resolución de la celebración de una vista.

## IV

Por los anteriores fundamentos se deniega expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 63

**1.** No se presentó con el recurso copia de la notificación de la resolución por el tribunal de instancia, no obstante se acepta la fecha alegada como cierta. *In re: Siverio Orta,* 117 D.P.R. 14, 18 (1986).

**2.** No es apropiado el uso de una moción de sentencia sumaria para resolver controversias sobre interpretación de contratos. Cuevas Segarra, José, *Práctica Procesal Puertorriqueña,* Procedimiento Civil, **Publicaciones J.T.S.,** 1979, pág. 191.