· HERNÁNDEZ *v.* FERNÁNDEZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 565.—Resuelto en febrero 2, 1911.

CONTRATO—EXISTENCIA DE LA CAUSA—SU IMPUGNACIÓN POR LA PARTE QUE ANTES LA ADMITIERA.—Aunque la causa de un contrato consignado en documento público, aparezca de su contenido, su existencia no ha de estimarse concluyente, y si se impugnara por la misma parte que antes la admitiera, y se demostrara que era incierta, el contrato es nulo y la corte debe declararlo así.

ID.—PRUEBAS—DOCUMENTOS PÚBLICOS.—Aunque los documentos públicos hacen prueba contra los contratantes y sus causahabientes en cuanto á las declaraciones que en ellos hubieren hecho los primeros, esto no obstante, esa prueba no es concluyente y puede ser destruída por otra tan robusta y tan clara que permita al juzgador resolver el conflicto sin vacilaciones de ningún género, pues en casos de duda, la declaración contenida en el documento público debe siempre prevalecer.

ID.—PRUEBA CONTRADICTORIA—APELACIÓN.—La apreciación de la corte inferior en los casos de prueba contradictoria, debe ser considerada como justa y procedente, a no ser que se demuestre que al hacerla actuara movida por pasión, prejuicio, o parcialidad, o que incurriera en manifiesto error.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Benjamin J. Horton y Leopoldo Feliú.*

Abogado del apelado: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO, SR. DEL TORO, emitió la opinión del tribunal.

Agustín Hernández Mena presentó una demanda en la corte municipal de Mayagüez, dirigida contra José A. Fernández Pérez, en cobro de $454, intereses y costas, alegando sustancialmente como causa de acción, que Fernández, por escritura pública otorgada ante el Notario Fernando Vázquez el 26 de diciembre de 1905, vendió, por la suma de trescientos pesos, recibidos con anterioridad al acto del otorgamiento, al demandante Hernández Mena, dos plazos de ciento ochenta y seis y ciento sesenta y ocho pesos de cierto crédito hipotecario que le pertenecía; que Fernández no comunicó al deudor el traspaso, y que el demandante no pudo percibir el importe de dichos plazos por haberlos satisfecho el deudor a otras personas.

El demandado admitió algunos hechos de la demanda y negó otros, alegando en sustancia que era cierto el hecho del otorgamiento de la escritura de 26 de diciembre de 1905, pero no que hubiera mediado precio, y que el demandante era entonces su apoderado general y teniendo en él plena confianza, y a su instancia, le otorgó la escritura.

La corte municipal dictó sentencia en contra del demandante. Éste apeló para ante la corte de distrito y, celebrado el nuevo juicio, el tribunal dictó sentencia también en contra del demandante que apeló entonces para ante esta Corte Suprema.

La cuestión principal a estudiar y resolver en este caso es la de si no obstante haber consignado Fernández en una escritura pública que había recibido con anterioridad el precio de la venta que se hacía constar en dicho documento, puede luego alegar la falta de certeza de tal hecho.

El artículo 1186 del Código Civil revisado dice así:

"Los documentos públicos hacen prueba aún contra tercero, del hecho que motiva su otorgamiento y de la fecha de éste.

"También harán prueba contra los contratantes y sus causahabientes, en cuanto a las declaraciones que en ellos hubiesen hecho los primeros."

Comentando Manresa el artículo 1218 del Código Civil español, que es igual al 1186 de nuestro Código Civil revisado, dice: "Según éste (el texto legal), entre los interesados, los documentos públicos hacen también prueba respecto de las declaraciones que en los mismos hiciesen; pero no dice la ley *que la prueba sea plena,* como lo es para ellos y para todos en cuanto al hecho y su fecha, y la palabra "también" que precede a la de prueba, no puede tener el alcance de robustecer ésta hasta igualar su efecto con el declarado en el número primero." (8 Manresa, 439.)

Y Scaevola, al tratar del valor propio de los documentos públicos, se expresa así: "Dice de ellos el artículo 1218 que hacen prueba, aún contra tercero, del hecho que motiva su otorgamiento y de la fecha de éste, y así también que la harán contra los contratantes y sus causahabientes en cuanto a las declaraciones que en ellos hubiesen hecho los primeros. Antes se decía plena fe, plena prueba, prueba completa; ahora se dice simplemente prueba. Los romanos llamaban a los documentos *probatio probata,* y refiriéndose ya a las escrituras públicas, dice Riminaldo que hacen prueba plena, probada, evidente, manifiesta, evidentísima, real, indubitable, notoria, que no permite discusión y que tiene fuerza de resolución judicial. Covarrubias reduce todos estos adjetivos a dos: evidente y plena, pero empleados en grado superlativo; evidentísima y plenísima. Las Partidas, mas modestamente, si bien nos enseñan que toda carta hecha por Escribano público vale para probar lo que fuese escrito en ella, no contienen precepto alguno que atribuya al documento público un valor tan grande como le conceden los antiguos autores. Ultimamente, según queda dicho, el Código se limita a manifestar que los documentos públicos *hacen prueba,* sin añadir a esta palabra adjetivo alguno. (20 Scaevola, 244.)

El Tribunal Supremo de España en su sentencia de 6 de junio de 1899, 8 V. A. M., Jurisprudencia Civil, 292, en un caso sobre nulidad de contrato en que se alegó precisamente la infracción del párrafo 2º. del artículo 1218 del Código Civil, "puesto que la sala sentenciadora, no sólo no tiene en cuenta la manifestación hecha por Doña Carmen Carreras (la demandante) en escritura de 8 de enero de 1895, de ser dueña de la propiedad inmueble que vendía a su padre, sino que prescinde de su confesión de tener recibido antes de otorgarse la escritura el precio de la venta"; resolvió que no se había cometido tal infracción y entre sus fundamentos estableció que la Audiencia, apreciando en conjunto las pruebas practicadas no sólo estimó que Don Francisco Carreras no entregó a su hija Carmen el precio que figura como recibido con anterioridad en la escritura de venta, sino que del sentido y fundamentos de la sentencia se desprendía la afirmación terminante de que ese documento público fué otorgado por iniciativa del recurrente, consignando un contrato simulado, al cual dió, con error y por ignorancia, su consentimiento la supuesta vendedora. Y que las solemnidades externas de una escritura no se oponen a que por el conjunto de las pruebas formule la sala sentenciadora la apreciación de que el contrato fué simulado.

Esta Suprema Corte en el caso de *Horton* v. *Robert*, 3 Castro, 410, estableció la siguiente doctrina: "Aunque la causa de un contrato aparezca de su contenido, la verdad de los hechos expresados en el mismo no ha de presumirse que es concluyente, y los tribunales pueden siempre investigar y averiguar su verdadera causa, y admitir y practicar pruebas que tiendan a mostrarlas."

Y nuestra ley para reglamentar la presentación de evidencia en los procedimientos civiles, en su artículo 101, no. 2º., dice: "Las siguientes presunciones se estiman concluyentes, con exclusión de todas las demás: 1º. * * *; 2º. La verdad de los hechos relatados en la relación contenida en un documento escrito, entre las partes interesadas en el mismo o sus

sucesores en interés por título adquirido posteriormente; pero esta regla no será aplicable a la relación de una compensación.''

En el presente caso el demandado presentó prueba al efecto de demostrar que en el contrato en que basaba su derecho el demandante, no había mediado precio, y que, por tanto, la afirmación que en él hizo el demandado de que había recibido la cantidad de trescientos pesos con anterioridad al acto del otorgamiento de la escritura, no era cierta.

El demandante no se opuso a la práctica de dicha prueba y la córte de distrito la apreció, según se desprende de la sentencia que dictara, como demostrativa de que el contrato era realmente simulado.

*Falsa simulata non veritatem minuit,* (Cód., lib. VII, tít. XVI, ley 15). Lo falso y lo simulado no perjudican la verdad. *Quod simulatur, fingitur non esse.* Lo que se simula se supone que no existe. *His quae simulate geruntur pro infectis habitis.* (Cód. Lib. II, Tít. IV, ley 21.) Lo que se hace simuladamente es nulo. (Scaevola, Principios Generales del Derecho Civil, 232.)

Siendo esto así y no existiendo prueba de que la corte al resolver el conflicto de la evidencia ofrecida por ambas partes, en favor del demandado, actuara movida por pasión, prejuicio o parcialidad, o cometiera algún error manifiesto, debemos aceptar tal apreciación como la justa y procedente, tanto más cuanto, que hemos examinado dicha evidencia y llegamos a la misma conclusión.

En casos de esta naturaleza, la prueba en contrario debe ser perfectamente clara. La misma ley determina que los documentos públicos harán prueba contra los contratantes y sus causahabientes en cuanto a las declaraciones que en ellos hubieran hecho los primeros y para destruir esa prueba se necesita otra muy robusta que permita al juez sentenciador decidir el conflicto sin vacilaciones. En caso de duda, se estará siempre a la declaración contenida en la escritura.

Por las razones expuestas, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, MacLeary y Wolf.

El Juez Presidente, Sr. Hernández y Asociado, Sr. Aldrey, no intervinieron en la resolución de este caso.