ELISA RUIZ Y MERLO y MARÍA LUISA, HERMINIA, ROSAURA, MA-
RÍA AURORA y ELISA MARÍA RODRÍGUEZ Y RUIZ, demandantes
y apeladas, *v.* LA SOCIEDAD AGRÍCOLA "MARIO MERCADO E
HIJOS", demandada y apelante.

No. 5625.—*Sometido:* Marzo 16, 1932. *Resuelto:* Enero 17, 1933.

*Tous Soto & Zapater*, abogados de la apelante; *López de Tord &
Zayas Pizarro*, abogados de las apeladas.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demanda enmendada radicada en este caso el 10 de
octubre de 1927, contiene dos causas de acción. En la pri-
mera se solicitaba de la demandada que entregara a las de-
mandantes una parcela de terreno, con sus edificios, una de
½ cuerda y otra de 50 cuerdas que se describen suficiente-
mente en el contrato celebrado por ambas partes en este caso.
En la segunda causa se reclamaban los frutos y rentas de
la finca detentada. Cuando el caso fué llamado para juicio
por primera vez, la demandada convino en que se dictara
sentencia contra ella por la primera causa de acción, mas
sostenía que la segunda causa había prescrito de conformi-

dad con el artículo 1869 del Código Civil. La corte inferior convino con la demandada y en efecto desestimó la segunda causa de acción. Las demandantes apelaron y este tribunal revocó la sentencia y devolvió el caso para ulteriores procedimientos no inconsistentes con su opinión. *Ruiz* v. *Mercado*, 38 D.P.R. 586.

Todo el caso gira sobre la interpretación que debe darse a un contrato de venta celebrado por las demandantes en favor de la demandada. Por dicho contrato las aludidas demandantes vendieron a la demandada 150 cuerdas de terreno, pero en la cláusula cuarta del contrato las partes convinieron en que después del otorgamiento de la escritura, la compradora segregaría de la finca vendida los tres edificios y la ½ cuerda de terreno que los circundaba, debiendo estar todo ello a la libre disposición de las vendedoras, demandantes en este caso, sin remuneración alguna por parte de éstas. La cláusula quinta del contrato asimismo proveía que Mario Mercado e Hijos estarían obligados a ceder gratuitamente 50 cuerdas de terreno situadas tal cual se describen en dicho párrafo quinto.

La cuestión ante la corte era la cuantía de los frutos y rentas. Al iniciarse el juicio para determinarlos las demandantes trataron de ofrecer prueba oral a fin de demostrar el entendido o la naturaleza del contrato original celebrado por las partes y la demandada se opuso, fundada en que tal tentativa sería contraria a la regla sobre prueba oral que limita a las partes a las estipulaciones que realmente aparecen en los contratos por ellas celebrados. La corte sostuvo la posición de la demandada.

Posteriormente las demandantes ofrecieron enmendar su demanda y la corte, con la objeción de la demandada, permitió la enmienda.

En la demanda original la cuestión relativa a los frutos o rentas dependía de la primera causa de acción, que se reprodujo en la segunda causa. Por tanto, la demanda enmendada presentada era una prolongación de los hechos alegados

en la primera causa y en ella se alegaba en efecto que si bien era verdad que las demandantes trasmitieron a la demandada la totalidad de las 150 cuerdas, esto se hacía únicamente para facilitar la venta de las 100 cuerdas, ya que el notario carecía de todos los datos necesarios para poder hacer claramente la segregación de las 100 cuerdas objeto de la venta, fórmula que fué aceptada por los demandantes a indicación de la propia demandada con el fin de no dilatar la venta de las 100 cuerdas.

El primer señalamiento es que la corte cometió error al permitir a las demandantes enmendar su demanda durante el juicio, introduciendo una nueva alegación que alteró fundamentalmente la causa de acción. El segundo señalamiento es que la corte de Ponce erró al permitir que el notario declarara y alterara así los términos y pactos de la escritura de 16 de abril de 1920, entre las partes. La apelante discute estos dos señalamientos de error conjuntamente. Al emitir su opinión, la corte inferior, a nuestro juicio, correctamente resolvió que la prueba oral era admisible, aunque durante el curso del juicio su posición había sido favorable a la demandada. No nos detendremos a discutir todas las excepciones a la regla sobre prueba oral, mas los hechos de este caso caen claramente dentro de una u otra de ellas. Algunas de estas reglas han sido discutidas en la opinión de esta corte en el caso de *Marxuach* v. *Acosta,* 39 D.P.R. 965. Conforme allí se demuestra, generalmente se permite a las partes demostrar cuál fué la verdadera causa del contrato, y aun en casos especiales explicar la situación de las partes al celebrarlo.

Además, quizá existía en el contrato una ambigüedad latente, toda vez que en el mismo no aparecía la razón por la cual las 50 cuerdas y la ½ cuerda debían ser cedidas gratuitamente por la demandada.

Además, no creemos que fuera necesario enmendar la demanda ni que las demandantes tuvieran que presentar prueba oral para variar los términos del contrato. De una

lectura literal de dicho contrato se desprende claramente que la demandada estaba obligada a traspasar a las demandantes 50 cuerdas y ½ cuerda, y no lo hizo así. Permitió que transcurrieran diez años antes de efectuar el supuesto traspaso. Resolvemos que este mero hecho constituye un caso prima facie para el pago de frutos o rentas, según sea el caso.

Los tres señalamientos de error restantes se refieren a la actuación de la corte al fijar la cuantía de los daños. Ambas partes presentaron prueba pericial para probar el importe de las rentas producido por las fincas, con el propósito de distribuir las rentas. En realidad de verdad, la demandada estuvo recibiendo las rentas de toda la finca a razón de $1,200 al año. Sucedió que en el contrato original celebrado por las partes las demandantes traspasaron a la demandada todas estas rentas o todo el contrato de arrendamiento entonces existente. La demandada pone gran énfasis en el hecho de que todas estas rentas le fueron traspasadas. No hay duda de que el contrato de arrendamiento y los cánones fueron transferidos a la demandada y que técnicamente hablando existía una novación completa. La demandada se convirtió entonces en arrendadora y tenía derecho a recibir las rentas del arrendatario anterior. No obstante, la cuestión ante nos en este caso es los frutos producidos por las fincas, y la cuantía de estos frutos eran claramente por lo menos las rentas que la demandada estaba recibiendo. Las relaciones existentes entre el nuevo arrendador y el nuevo arrendatario no fueron afectadas en forma alguna y el arrendatario estaba obligado a pagar las rentas a la demandada.

No se podría dar demasiado énfasis al hecho de que la cuestión aquí envuelta son los frutos que las demandantes tienen derecho a percibir por haber sido privadas del producto de sus bienes por espacio de diez años.

El artículo 1068 del Código Civil provee:

"Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren

en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas.''

Esto no revive la idea de la demandada de que la acción había prescrito, toda vez que el artículo 1869 del Código Civil, en que se basaba la demandada, se refiere a obligaciones que surgen del artículo 1803 de dicho Código, o en otras palabras, de las obligaciones que se contraen sin convenio.

Dando por sentado que la cuantía de los daños y perjuicios era igual a las rentas recibidas por la demandada, la apelante no nos convence de que la distribución hecha por la corte no fuera correcta. La distribución a efectuarse no dependía necesariamente del valor relativo que los terrenos finalmente traspasados a las demandantes tuvieran con el valor total de la finca, sino que podía ser calculada tomando como base el valor de dichos bienes tomados absolutamente.

No podemos concebir que los edificios con ½ cuerda de terreno y las otras 50 cuerdas pudieran dejar de producir a la demandada $120 al año, y como podían producir tan fácilmente esa suma, creemos que la corte no cometió error al hacer su distribución.

Además, la autoridad más acertada sobre el particular sostiene que una persona privada del uso de sus bienes no queda limitada a las rentas y utilidades efectivamente recibidas. Citamos de 19 C. J. 1242:

"La regla general es que el dueño no está limitado a las rentas efectivamente recibidas por la persona obligada a efectuar la restitución, sino que tiene derecho a recobrar el valor de las rentas que la finca podría producir, más hay ciertas autoridades que aparentemente resuelven lo contrario.''

Tenemos dudas en verdad de si las demandantes tal vez no tenían derecho a más.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.

EN MOCION DE RECONSIDERACION

*Sometido:* Noviembre 7, 1933.—*Resuelto:* Mayo 31, 1934.

*B. Fernández García.* (*Tous Soto & Zapater,* en el alegato) abogado de la apelante; *López de Tord & Zayas Pizarro,* abogados de las apeladas.

Al final de nuestra opinión primitiva en este caso dijimos:

"Dando por sentado que la cuantía de los daños y perjuicios era igual a las rentas recibidas por la demandada, la apelante no nos convence de que la distribución hecha por la corte no fuera correcta. La distribución a efectuarse no dependía necesariamente del valor relativo que los terrenos finalmente traspasados a las demandantes tuvieran con el valor total de la finca, sino que podía ser calculada tomando como base el valor de dichos bienes tomados absolutamente.

"No podemos concebir que los edificios con ½ cuerda de terreno y las otras 50 cuerdas pudieran dejar de producir a la demandada $120 al año, y como podían producir tan fácilmente esa suma, creemos que la corte no cometió error al hacer su distribución.

"Además, la autoridad más acertada sobre el particular sostiene que una persona privada del uso de sus bienes no queda limitada a las rentas y utilidades efectivamente recibidas. Citamos de 19 C. J. 1242:

"'La regla general es que el dueño no está limitado a las rentas efectivamente recibidas por la persona obligada a efectuar la restitución, sino que tiene derecho a recobrar el valor de las rentas que la finca podría producir, mas hay ciertas autoridades que aparentemente resuelven lo contrario.'

"Tenemos dudas en verdad de si las demandantes tal vez no tenían derecho a más."

Si la hubiésemos terminado con el primer párrafo no habría surgido razón alguna para una reconsideración. Lo cierto fué, sin embargo, que aunque en la opinión principal se reconoció que los cánones de arrendamiento fueron cedidos a la demandada Mario Mercado e Hijos, sin embargo, erróneamente tuvimos la impresión de que la media cuerda y las cincuenta cuerdas que debían traspasarse a las demandantes y apeladas estaban exentas del contrato de arrenda-

miento. En otras palabras, creíamos que las cincuenta cuerdas y la media cuerda pasarían absolutamente a las apeladas y que estando privadas de la posesión, ellas tenían derecho a las rentas y frutos que pudieran obtener. Sucedió que el contrato de arrendamiento fué celebrado por las apeladas antes de ellas transferir parte alguna de los bienes a la apelante. Por consiguiente, no teníamos derecho a considerar lo que las apeladas hubieran podido obtener como frutos y rentas si ellas hubieran tenido la posesión material de la finca libre de la carga del arrendamiento.

Al celebrarse la vista anterior no teníamos el alegato de las apeladas. Convenimos con éstas en que ya pudieran o no ellas obtener frutos y rentas de la finca, no obstante, el título de la misma les hubiese sido de algún valor. Esto, la corte quizá pudo tomarlo en consideración. Además, quizá cuando el contrato de arrendamiento terminó en 1926 la corte pudo tomar en consideración el arrendamiento de la finca durante los cuatro años transcurridos desde que finalizó el arrendamiento y la fecha en que la corte inferior emitió su opinión. Las apeladas también indican que hasta el momento de celebrarse la vista, si bien la parte apelante había convenido en hacerlo así, no había otorgado una escritura formal de traspaso de las cincuenta cuerdas y de la media cuerda. La apelante no nos convence de que la distribución hecha por la corte inferior no era correcta. Convenimos muy bien con las apeladas en que nada había en el contrato original que antorizara a la apelante a retener todos los cánones de arrendamiento. Estamos acordes con la conclusión de la corte inferior en que las cincuenta cuerdas y la media cuerda debían traspasarse a las apeladas y poseerse por éstas en la misma forma que las otras cien cuerdas eran poseídas por la apelante, todo sujeto al contrato de arrendamiento. Según asumen las apeladas, no hallamos razón alguna para alterar las otras consideraciones de nuestra opinión original, y *la sentencia debe ser confirmada.*