Juan Monge Hernández y su esposa Carlota Pastrana, demandantes y apelantes, *v.* Eladio Rodríguez Portela y su esposa Carmen Otero, demandados y apelados.

No. 5632.—*Sometido:* Abril 26, 1932. *Resuelto:* Julio 19, 1933.

*R. H. Blondet,* abogado de los apelantes; *L. Feliú,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los demandantes iniciaron este procedimiento para recobrar de los demandados la suma de $20,000 o para obligarlos a que traspasaran a los demandantes cierta hipoteca, y para recobrar daños y perjuicios y las costas. Los demandantes alegaron haber adquirido de los demandados en 1920 cierta parcela de terreno por la suma de $55,000; que ellos pagaron $20,000 y otorgaron hipoteca para garantizar

el saldo de dicha cantidad; que a fin de obtener los $20,000 ellos habían otorgado una hipoteca sobre otras propiedades a favor del Banco Popular; que en 1921 el demandado Eladio Rodríguez readquirió la finca por el mismo precio pagado por los demandantes en 1920, pero reteniendo en su poder los $20,000 con el entendido de que pagaría la hipoteca perteneciente al banco; que en la escritura de la nueva enajenación los demandantes reconocieron haber recibido de Eladio Rodríguez esta cantidad, a pesar de que éste nunca hizo efectiva dicha suma ni al demandante ni a persona alguna; y que los demandantes hicieron esto debido a su estrecha amistad con Rodríguez, quien, aprovechándose maliciosamente de su buena fe y del estado de enajenación mental que aquejaba a Monge, no pagó la hipoteca al banco, sino que se apropió dicha suma y la invirtió en la constitución de cierta hipoteca perteneciente a los demandantes. Las causas de acción segunda y tercera se refieren a los daños y perjuicios provenientes substancialmente de los mismos hechos.

Durante el juicio los demandantes ofrecieron como prueba la escritura de nueva enajenación a Rodríguez y la hipoteca del banco. La declaración del primer testigo al efecto de que Rodríguez no había pagado los $20,000 en efectivo fué eliminada de los autos a moción de los demandados. Los demandantes entonces manifestaron que toda su prueba sobre este extremo era oral. El juez de distrito resolvió que la cláusula de la escritura relativa al pago anterior de los $20,000 no podía ser impugnada con prueba oral, sostuvo una moción de *nonsuit* y declaró sin lugar la demanda.

Los apelados insisten en que la sentencia debe ser confirmada por los siguientes fundamentos:

(*a*) Porque los demandantes abandonaron su caso, solicitaron se dictara sentencia y se allanaron a ella. *Carrión* v. *Nadal,* 34 D. P. R. 305; *Sanders, Philippi, Ltd.,* v. *Viuda de Baigés e Hijos,* 32 D.P.R. 855; *Schlüter* v. *Villafañe,* 41 D. P. R. 308; *Rosas* v. *A. Bruno de Vázquez (Sucn.),*

41 D. P. R. 143; *Quevedo* v. *Segarra,* 38 D. P. R. 139; y 3 C. J., secciones 333 y 546, págs. 500 y 673.

(*b*) Porque los demandantes, al ofrecer como prueba la escritura de la nueva enajenación en que los vendedores reconocían haber recibido $20,000 en efectivo, indujeron al error, de haberlo, cometido por la corte de distrito al negarse a permitir a los demandantes a impugnar esta cláusula mediante prueba oral.

(*c*) Porque la evidencia oral fué correctamente eliminada. A este respecto los apelados se basan en el caso de *Morales* v. *Díaz,* 24 D. P. R. 740.

(*d*) Porque asumiendo la existencia del error imputado, el mismo no era perjudicial.

■ De la transcripción taquigráfica copiamos el siguiente extracto:

" . . . La corte sostiene la objeción de la parte demandada en cuanto a la no admisión de la declaración del testigo en cuanto se refiere a la entrega. El incidente ocurrió cuando el testigo declaraba sobre que había quedado de darle el dinero y no se lo dió.

"Dte.—Toda mi prueba versa sobre la no entrega del dinero ése.

"Juez.—Así es como yo interpreto la ley. Tal vez yo esté equivocado, pero me parece que yo interpreto la ley correctamente, a mi juicio. Yo les he oído con gran sosiego, y he estado pensando . . .

"Dte.—Yo tengo que producir la evidencia ésa. Ellos negaron específicamente esas alegaciones; la segunda demanda enmendada consta ahí, yo alegué ese hecho y éste es el momento de probar o introducir mi evidencia. Tengo que probar que don Juan Monge no recibió el dinero, y la única evidencia que yo tengo a mi alcance es las manifestaciones de él mismo, que no ha recibido ese dinero.

"Juez.—Y eso es lo que la corte resuelve: que habiéndose admitido por la corte una escritura donde dice que se recibió cierta cantidad de dinero, no puede destruirse esa manifestación con prueba oral. La prueba oral no puede destruir la eficacia de la prueba documental.

"Dte.—¿Entonces Su Señoría me permite una excepción?

"Juez.—Sí, anótela el taquígrafo.

"Dte.—Y entonces yo suplicaría a Su Señoría que dictara sentencia, porque mi prueba para acreditar el extremo de no haber recibido el señor Juan Monge los $20,000 que se alega en esa escritura.

que recibiera antes de ese acto, es toda oral. No tengo prueba documental de ese hecho.

"Juez.—La corte no ha dicho que sea necesaria prueba documental. No vaya a ir más allá de lo que el juez ha dicho. La corte simplemente ha dicho que a su juicio no puede destruirse con prueba oral la admisión hecha en la escritura que la propia parte demandante ofrece y ha admitido la corte. ¿Cuál es la moción?

"Dte.—Que no teniendo más que prueba oral, *parol evidence*, para demostrar que Juan Monge no recibió los $20,000 que confiesa haber recibido en la escritura ante el notario don Damián Monserrat y Suro, no puede continuar este caso y solicita entonces sentencia.

"Ddo.—¿El demandante renuncia entonces a presentar el resto de su prueba?

"Dte.—Yo no renuncio a presentar el resto de mi prueba. Yo digo que si Su Señoría sostiene la objeción de la parte contraria, de que no puedo presentar prueba oral, entonces esto equivale a declararse por Su Señoría con lugar una moción de falta de causa de acción, porque con lo único que yo puedo probar que no se recibió ese dinero es con la declaración de don Juan Monge y doña Carlota Pastrana; que ellos no han recibido esa cantidad en manera alguna.

"Ddo.—Ahora los demandados solicitan de la corte que se sirva requerir al demandante que anuncie si es que va a presentar o no alguna otra prueba, para la moción que viene ahora, que es de *nonsuit*, porque el caso él no lo ha cerrado.

"Juez.—La moción de él es al efecto de que no tiene otra prueba que ofrecer sino prueba correlativa a esa que la corte le ha negado, y cierra su caso.

"Dte.—Yo advierto a la corte que tengo prueba documental, pero que como se me ha pedido que .la presente en orden correlativo para ir probando las diferentes causas de acción, esa va a la primera, y por ese motivo es que no he presentado el resto de la prueba documental. Para probar mi primera causa de acción, he traído mis principales testigos a la silla, con el objeto de probar que Juan Monge ni su esposa Carlota Pastrana han recibido en ocasión alguna, en todo o en parte, esos $20,000 que alegaron o dijeron haber recibido según ese documento público.

"Juez.—¿Con eso cierra el caso?

"Dte.—Cierro el caso.

"Ddo.—Entonces nosotros solicitamos de la corte una sentencia de *nonsuit* por no haberse probado por el demandante ninguna causa

de acción de las tres que se alegan en la demanda contra estos demandados ni ninguno de ellos.

"Juez.—¿Y cierra el caso también?

"Ddo.—Sí, señor.

"Juez.—En ese caso la corte declara con lugar la moción de la parte demandada y dicta sentencia por insuficiencia de la prueba desestimando la demanda, sin costas."

Según indica el letrado de los demandados, todo el caso giró sobre el ataque que se hizo a la admisibilidad de la prueba oral para demostrar que Monge y su esposa nunca habían recibido los $20,000. Si conforme indica claramente su resolución, la intención de la corte no fué admitir tal prueba, los demandantes hubiesen estado haciendo perder tiempo a la corte y a todas las partes interesadas al proseguir el caso. La ley no exige que se hagan cosas vanas y fútiles. La sentencia dictada bajo las circunstancias reveladas por el extracto anterior no fué en sentido legal alguno una sentencia a que uno se avino (*consent judgment*).

■■ Los demandantes al presentar como prueba la escritura de la nueva enajenación, suministraron la única base sobre la cual los demandados podían oponerse a la admisión de prueba oral en pugna con la cláusula contenida en dicho documento. Con ello los demandantes no indujeron a la corte a cometer ningún error al resolver sobre tal objeción.

No podemos convenir con el letrado de los apelados en que la prueba oral fué excluída debidamente. En el caso de *Morales* v. *Díaz*, supra, un vendedor trataba de anular su escritura de enajenación fundado en que el adquirente había dejado de cumplir con el convenio de prestarle cierta suma de dinero. El adquirente alegó que la promesa de prestar al vendedor dinero fué un contrato independiente y el caso giró sobre este extremo. La corte de distrito dictó sentencia en favor de la parte demandada y en opinión de este tribunal dicha resolución estuvo plenamente justificada por la prueba.

En el presente caso es un hecho indisputado que los

$20,000 formaban parte de la causa del contrato. Si, tal cual alegan los demandantes, Rodríguez retuvo en su poder dicha suma con el fin de pagar la hipoteca del banco, su convenio de cumplir tal obligación formaba parte de la causa. De todos modos, su obligación de pagar a los demandantes dicha suma, de no habérsela pagado según se hace constar en la escritura, constituía ciertamente parte de la causa.

En *Morales* v. *Díaz* esta corte discutió la llamada regla sobre evidencia oral en su aspecto general, tal cual está contenida en el artículo 25 de la Ley de Evidencia. Este artículo trata específicamente de ''las condiciones de un convenio''. La prohibición de la regla no es aplicable a la admisión de haberse recibido dinero como causa de un contrato. Esa aseveración es de ordinario la mera admisión escrita de una de las partes contratantes y prueba prima facie como tal de lo que así se admite. Podría controvertirse al igual que cualquiera otra admisión. La doctrina de *Morales* v. *Díaz* no tiene aplicación a la cuestión que ahora tenemos ante nos por la sencilla razón de que la admisión de haberse recibido los $20,000, que se dicen haber sido pagados previamente a los demandantes, no constituía uno de los términos del contrato. La regla sobre evidencia oral no excluye prueba testifical respecto a cuál fué la verdadera causa en una escritura de enajenación, ante una cláusula en contrario contenida en la escritura. Véase 5 Wigmore on Evidence (Segunda Edición), 313, sección 2433; véase también *Domínguez* v. *Nadal,* caso No. 6042, resuelto en el día de hoy, y las sentencias Nos. 266 y 76 del Tribunal Supremo de España de 21 de junio de 1897 y 6 de junio de 1899 respectivamente.

No es necesario discutir separadamente la contención de que el error cometido por la corte de distrito al excluir la prueba oral en cuestión fué inofensivo.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*