MIGUEL QUIÑONES RAMOS, demandante y recurrido, *v.* MANUEL OTERO ROQUE, demandado y recurrente.

*Número:* R-63-13 *Resuelto:* 29 de octubre de 1963

*Omar Cancio Sifre,* abogado del recurrente; *Miranda & Sta-winski,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Hernández Matos emitió la opinión del Tribunal.

El demandante-recurrido Miguel Quiñones Ramos instó ante la Sala de San Juan del Tribunal Superior, una acción de ejecución de hipoteca por la vía ordinaria contra Manuel Otero Roque, alegando, en síntesis, lo siguiente:

Que por escritura pública de fecha 10 de febrero de 1961 vendió a dicho demandado Otero Roque una propiedad urbana por el precio de $42,000.00, del cual el comprador quedó a adeudar $27,000.00 que se obligó a pagar el 10 de febrero de 1966, comprometiéndose también a satisfacer interés al 8% anual sobre la suma aplazada, por mensualidades vencidas; en garantía de su pago y de $2,700.00 para costas y honorarios de abogados en caso de ejecución, constituyó primera hipoteca sobre el inmueble vendido, que fue inscrita en el Registro, conviniéndose en dicha escritura que "si los deudores [el demandado y su esposa] faltaran al pago puntual de

dos mensualidades de intereses . . . quedaría vencida la hipoteca y en aptitud el acreedor para proceder a su cobro por la vía judicial." Alegó, además, que el deudor demandado había dejado de pagarle los intereses vencidos en 10 de diciembre de 1961, y en los días 10 de los meses de enero, febrero, marzo y abril de 1962, es decir, cinco meses consecutivos a razón de $180.00 por cada mes y que por ese motivo "la hipoteca y el plazo del préstamo ha quedado vencido", adeudándole entonces $27,000.00 de principal, $900.00 de intereses y $2,700.00 para costas y honorarios de abogados, suplicando sentencia por esas cantidades y la venta pública de la finca hipotecada para pagarlas, en caso de que no se pagaran en efectivo.

Contestó Otero Roque la demanda admitiendo la venta e hipoteca del inmueble, su inscripción registral y los intereses convenidos; aceptó que fue pactado el vencimiento de la obligación de pagar los $27,000.00 en caso de no satisfacerse dos mensualidades consecutivas de intereses; como defensa alegó "que dicha cláusula de aceleramiento quedó sin efecto por un acuerdo o convenio posterior entre el demandante y el demandado, mediante el cual convinieron que el deudor pagaría al acreedor los intereses convenidos cuando fuera requerido de pago por dicho acreedor hipotecario." Aceptó que a la fecha de iniciarse la acción adeudaba al demandante $900.00 por intereses, suma que consignó en el Tribunal Superior el 8 de mayo a disposición de su acreedor, "habiendo rehusado el demandante el recibo de dicho pago."

En 15 de mayo de 1962 solicitó el demandante sentencia sumaria en su favor, fundado en que el demandado había aceptado las alegaciones de la demanda y que la defensa sobre un pacto posterior sobre el pago de intereses era "improcedente e irrelevante en derecho", porque no se alegaba que ese pacto se hubiera convenido por escrito. Se opuso, bajo juramento, el demandado a esa solicitud. El 22 de junio siguiente se declaró sin lugar la petición "por entender el Tribunal que las cuestiones de hecho en ella planteadas y que pro-

mueven una controversia de hechos, deben ser .resueltas en un juicio plenario, a los fines de hacer más cumplida justicia a las partes." Poco después se desestimó una moción de reconsideración. (¹)

Se llamó el caso para juicio el 27 de noviembre de 1962. A ofrecimiento del demandante y como evidencia suya fueron admitidas copia de la escritura pública de venta e hipoteca y una certificación del Registrador de la Propiedad en que se hacía constar la inscripción de esa escritura y que la obligación garantizada cuyo pago se reclamaba no aparecía modificada en el Registro. Por esa evidencia y por las admisiones del demandado en su contestación, sometió su caso.

Entonces, para probar la existencia del pacto posterior relativo al pago de los intereses y la conducta posterior de su acreedor demandante, confirmativa de ese pacto posterior que enervaba la cláusula del vencimiento extraordinario originalmente consignada en aquella escritura, el demandado ofreció en evidencia un cheque librado por él el 15 de junio de 1961, por $720.00 a favor del acreedor, y cobrado por éste en pago de los primeros cuatro meses de intereses; otro cheque por $900.00, librado por el demandado el 10 de noviembre de 1961 a favor del acreedor y también cobrado por éste, en pago de los siguientes cinco meses de intereses vencidos hasta la fecha de este segundo cheque; (²) y, además, su testimonio oral

---

(¹) El 9 de agosto de 1962 acudió ante nos el acreedor demandante Quiñones Ramos en el recurso de *certiorari* Núm. C-62-72, interesando que dejáramos sin efecto la mencionada resolución bajo el fundamento de que era improcedente alegar como defensa o presentar prueba de un pacto oral posterior que dejaba sin efecto la cláusula de la escritura sobre vencimiento acelerado de la obligación hipotecaria, porque ello constituía una variación de los términos del contrato escrito original que prohibía el Art. 25 de la Ley de Evidencia, citando en su memorándum de autoridades a *Torrech* v. *Ramos*, 83 D.P.R. 174 (1961) y otras decisiones nuestras. Por resolución del 10 del mismo mes de agosto denegamos la expedición del auto.

(²) El deudor demandado siguió consignando en el tribunal los intereses según iban venciéndose. La última consignación la hizo en 20 de febrero de 1963.

y los de Luis M. Torres, Ramón Torres Peña y Fernando Rivero Otero.

Se opuso el demandante a la admisión de esa evidencia porque con la misma se trataba de variar los términos del contrato original, invocando lo dispuesto en el Art. 25 de la Ley de Evidencia y nuestra decisión en *Torrech* v. *Ramos*, 83 D.P.R. 174 (1961). El Tribunal de instancia no admitió esa evidencia ofrecida por el demandado pero permitió a los fines procedentes que esos cheques y los testimonios de ellos fueran al récord como evidencia ofrecida y no admitida. El 18 de diciembre de 1962 se dictó sentencia contra el demandado condenándolo al pago de la deuda principal de $27,000.00, de $900.00, de intereses pendientes de pago hasta el 10 de abril de 1962 y de los que desde esta última fecha se hubieran vencido, más $2,700 para costas y honorarios de abogados.

En este recurso de revisión sostiene el deudor demandado, aquí recurrente, que constituyó error de derecho del tribunal recurrido "la no admisión de la prueba documental y testifical ofrecida por el demandado . . . que iba dirigida a establecer en forma fehaciente que el precio aplazado y la hipoteca que lo garantiza en momento alguno ha vencido."

Expone que el Art. 25 de la Ley de Evidencia no es de aplicación a su caso ni tampoco lo es la doctrina de *Torrech* v. *Ramos*, supra, porque en el presente caso no se pretendió alterar las cláusulas contenidas en la escritura de compraventa envuelta mediante hechos ocurridos al momento de firmarse, situación de hechos presente en el caso de *Torrech*, sino que se trataba de probar que las partes, de mutuo acuerdo, convinieron con posterioridad al otorgamiento de dicha escritura, un pacto mediante el cual el deudor pagaría al acreedor los intereses convenidos cuando fuera requerido de pago por dicho acreedor hipotecario, modificando ellos, sustancialmente, la cláusula del vencimiento acelerado convenida en la escritura original.

 Tiene razón el demandado-recurrente. Si bien el Art. 25 de la Ley de Evidencia no permite a las partes y sus representantes o sucesores en interés que presenten evidencia alguna para variar las condiciones de un convenio cuando éstas se han consignado por las partes en un documento, excepto cuando una equivocación o imperfección en el documento fuere alegada en el litigio o cuando la validez del convenio constituyere el hecho controvertido, aquí no se trata de variar los términos de la escritura de compraventa e hipoteca. Se alegó y se intentó demostrar por la evidencia ofrecida por el demandado y no admitida por el juez sentenciador, que después de haberse otorgado esa escritura los propios contratantes habían convenido, de mutuo acuerdo, que el deudor pagaría los intereses, en su oficina profesional, en la época en que el acreedor los necesitara. En otras palabras, el deudor demandado sostenía que la cláusula originalmente acordada sobre el vencimiento acelerado por la falta del pago de intereses había sido sustituida por el convenio posterior al respecto.

En estas condiciones ese Art. 25 no le cerraba el paso a esa prueba. Ella era admisible. En *Sánchez* v. *De Choudens*, 76 D.P.R. 1, 10 (1954), en lo pertinente, dijimos:

"No obstante la conclusión a que antes llegamos, no confirmaremos la sentencia apelada por los motivos que pasamos a exponer en seguida: el tribunal a quo hizo constar en su resolución que cualquier prueba oral que se pretendiese presentar para variar los términos de lo convenido en la escritura pública sería inadmisible. Empero, esa prueba oral no sería evidencia extrínseca para variar los términos de la escritura, sino más bien evidencia de un contrato verbal celebrado posteriormente por las mismas partes con el propósito de modificar los términos del contrato escrito originalmente otorgado por ellas. Prueba oral a ese efecto era claramente admisible. Véase nuestra opinión *per curiam* dictada con fecha 26 de marzo de 1953 en el caso de *Ortiz & Buxeda* v. *Pieterz,* así como Jones *on Evidence,* volumen 2, sec. 442, pág. 844 y Wigmore *on Evidence,* Tercera edición, volumen IX, sec. 2441, pág. 130. Las manifestaciones del tribunal sentenciador a ese respecto es probable que indujeran a error

a la apelante. De haberse expresado dicho tribunal correctamente sobre esa cuestión es posible que la demandante radicara contra-declaraciones juradas en relación con el supuesto convenio oral."

En *Bigas* v. *Monforte*, 76 D.P.R. 309 (1954), resolvimos que bajo ese Art. 25 evidencia oral era admisible para demostrar una condición previa a la existencia y al cumplimiento de un contrato escrito, a pesar de que tal condición no aparecía en el contrato escrito.

En *Torrech* v. *Ramos*, supra, estaba envuelto un contrato de compraventa, otorgado mediante escritura pública, en la que se estipuló que determinado crédito hipotecario estaba reducido a una suma específica, cantidad que retuvo el comprador del precio para pagarla en su día. Se ofreció evidencia para demostrar que las partes habían convenido que el comprador, en adición a esa suma específica, se había comprometido entonces al pago de ciertos intereses y las contribuciones del inmueble. Se resolvió que la evidencia ofrecida para establecer que el comprador había asumido esos pagos adicionales era inadmisible porque su propósito era el de "alterar una de las cláusulas del contrato", cosa que no procedía a la luz del Art. 25 de la Ley de Evidencia.

■ Los Arts. 1172, 1232 y 1774 de nuestro Código Civil, invocados por el recurrido, no prohiben la celebración posterior de pactos o convenios orales que modifiquen lo originalmente acordado por las partes contratantes en escritura pública. Mucho menos, en ausencia de tercero, lo impide la simple inscripción de la escritura de venta e hipoteca. Estos pactos obligacionales sólo producen efecto entre las partes que los otorgan y sus herederos, siendo entre ellos eficaces sin importar la forma en que se celebren. Arts. 1207, 1209 y 1230, Código Civil.

■ Cuando el tercero existe, "todo hecho o convenio entre las partes que pueda modificar o destruir la eficacia de una obligación hipotecaria anterior no surtirá efecto contra terce-

ro como no se haga constar en el Registro." Arts. 144, Ley Hipotecaria y 181 de su Reglamento.

 Sabemos que, con rarísimas excepciones, bajo nuestro sistema, respecto a las partes contratantes, los derechos nacen fuera de los libros registrales.

*Debe revocarse la sentencia recurrida y devolverse el caso a la Sala de San Juan del Tribunal Superior para que allí se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*