LABORDE, DEMANDANTE Y APELADO, *v.* LÓPEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre indemnización.

No. 1728.—Resuelto en junio 29, 1918.

INEXISTENCIA DEL CONTRATO—PRUEBA TESTIFICAL PARA DEMOSTRAR COMO CONDICIÓN SUSPENSIVA UN CONVENIO ORAL DISTINTO AL CONTRATO ESCRITO.—El acto o contrato debe ser *definitivo* en su *enunciación.* No llega a ser existente como acto hasta que la totalidad del mismo se haya enunciado.

Cuando determinada conducta o escrito se presenta como prueba contra una parte como que implica un acto o contrato suyo, no hay principio legal alguno que le impida demostrar que el acto o contrato se llegara jamás a consumar.

Es admisible la prueba testifical para demostrar que un escrito, en forma de contrato, no llegó a ser jamás eficaz como contrato. En otras palabras, un convenio separado, que constituye una condición suspensiva (*condition precedent*) para que la obligación pueda ser exigible con arreglo al documento, puede probarse mediante prueba testifical.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Huyke y López del Valle.*

Abogados del apelado: *Sres. Eugenio Benítez, · Miguel Guerra y M. Benítez Flores.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

La demanda en este caso alega en síntesis:

Que en mayo de 1914, el demandado, acreedor de la Borin-
quen Sugar Company, que a la sazón estaba en manos de un
síndico (*receiver*), otorgó, suscribió y entregó al demandante
el siguiente documento:

"Humacao, abril 19, 1914.—Sr. Don Alejandro Laborde, Ciu-
dad.—Muy Sr. mío: Por la presente autorizo a Ud. para que por
los medios que tenga a su alcance, gestione el cobro de $5,391 im-
porte de arriendos de terrenos correspondientes a los meses de abril
1º. de 1913 a abril 1º. de 1914, que tengo vencidos con el Sr. Her-
nand Behn, *receiver* de la corporación 'Borinquen Sugar Com.'—
Al nombrar a Ud. mi agente y representante con tal objeto le autorizo
también para que por su cuenta y riesgo utilice los servicios de abo-
gados si fuere necesario, entendiéndose que acepto en pago de mi
deuda arriba expresada el cincuenta por ciento de la misma que
recibiré de Ud. y para lo cual le autorizo a firmar y endosar con mi
nombre el cheque que por dicha suma le sea entregado y concedién-
dole el beneficio de cualquier exceso que Ud. reciba de dicho Sr. como
comisión por sus gestiones.—De Ud. atto. amigo S. S.   (Firmado)
Patricio J. López."

Que el demandante y los abogados por él contratados
(*retained*) y pagados gestionaron activamente la citada re-
clamación ante árbitro especial nombrado por la Corte Fe-
deral, el que sometió un dictamen sobre la preferencia de que
gozaba la reclamación, así también como ante el síndico y su
abogado, ante el representante de un comité reorganizador
de la corporación, el que presentó a la corte una proposición
que fué aprobada, y ante el propio juez de la Corte Federal.

Que el demandado en el ínterin, quebrantando su contrato,
trató de obstruir y consiguió obstruir los esfuerzos del deman-
dante y de sus abogados, contratando otro abogado, repu-
diando el contrato celebrado con el demandante e impugnando
la autorización de los abogados del demandante para actuar
en su representación, tanto ante la Corte Federal como ante
el síndico.

La contestación admite el otorgamiento, firma y entrega del documento que se describe en la demanda, pero alega: "que tal carta entregada al demandante fué dada con la condición de que no se hiciera uso de ella en tanto que Pedro Más firmara una carta igual autorizando al señor Laborde, el demandante, para el cobro de su crédito en la "Borinquen" y alega el demandado que tal carta no fué firmada por Pedro Más, quien no dió autorización de ninguna clase al demandante. Alega además el demandado que al saber la noticia de que el demandante no había obtenido autorización del señor Más, indicó al señor Laborde, que cesara en sus gestiones."

El juez sentenciador admitió prueba tanto para sostener como para refutar esta alegación, pero luego, sin expresar ninguna conclusión de hecho respecto a este particular, dictó sentencia a favor del demandante por los fundamentos siguientes:

"De acuerdo con las alegaciones de las partes, y como resultado de toda la prueba practicada, creemos que han quedado satisfactoriamente probados todos los hechos fundamentales de la demanda, generadores de la causa de acción que se ejercita, pues siendo así, que está admitido el otorgamiento del contrato, y que el propio demandante alega haber cobrado el importe de su crédito, mediante la gestión de terceras personas, entendemos que la única cuestión a resolver en este pleito es, si deberá darse fuerza legal alguna a la alegación del demandado sosteniendo que la autorización concedida en el contrato escrito, estaba sujeta al cumplimiento de una condición que en dicho contrato no se menciona.

"A este respecto entendemos, que debe darse aplicación en el presente caso, al principio de que el contrato escrito ha de considerarse como que contiene todas las condiciones del convenio, y que no puede haber evidencia alguna de las condiciones fuera del contenido del documento; y toda vez que no se ha alegado fraude u otro elemento parecido, no puede el demandado atacar su convenio solemne, no pudiendo esta corte dar valor probatorio alguno a la evidencia que con ese fin introdujera dicho demandado. *Morales et al.* v. *Díaz et al.,* 24 D. P. R. 739. Hoja Suelta No. 281."

El caso de *Morales* v. *Díaz,* 24 D. P. R. 739, 740, no es

de aplicación al presente caso. La acción en aquél ejercitada era la de nulidad de una solemne escritura de compraventa por quebrantamiento de una promesa hecha por el comprador, que se alegó haber formado parte de la causa de la obligación, cual era la de prestarle al vendedor la suma de quinientos dollars. Fundada en la prueba estimó la corte sentenciadora que este contrato en controversia era un contrato independiente, y esta corte aprobó ese criterio sobre el particular. No parece haberse suscitado en aquel caso cuestión alguna respecto a condiciones suspensivas. El artículo 25 de la Ley de Evidencia que se cita íntegramente y se aplica en el caso de *Morales* v. *Díaz,* expresamente exceptúa los casos "cuando la validez del convenio constituyere el hecho controvertido." Aquí la defensa se basa abiertamente en la proposición de que el contrato es inexistente.

"El acto o contrato debe ser *definitivo* en su *enunciación.* No llega a ser existente como acto hasta que la totalidad del mismo se haya enunciado. Puesto que todas las operaciones importantes están precedidas de tentativas y negociaciones y documentaciones preparatorias, el problema es averiguar si llegó a ser y cuándo llegó a ser definitiva la enunciación; porque hasta que la enunciación no sea definitiva, no existe acto o contrato alguno. La necesidad de la entrega de un documento, y la naturaleza de la entrega, son aquí las cuestiones más corrientes en la práctica." IV, Wigmore on Evidence, p. 3374, sec. 2404.

"Por tanto, cuando determinada conducta o escrito se presenta como prueba contra una parte como que implica un acto o contrato suyo, no hay principio legal alguno que le impida demostrar que el acto o contrato se llegara jamás a consumar." Id. p. 3382, sec. 2408.

"Por lo general cuando se celebra y entrega un contrato escrito, y no resta nada para completar su ejecución, es inadmisible la prueba testifical para probar una inteligencia de que no se hizo con la intención de que fuese eficaz de acuerdo con sus términos. Pero la existencia de un instru-

mento escrito no le priva a la parte aparentemente obligada del derecho de probar que las partes contemporáneamente celebraron un convenio oral distinto que constituía una condición de la que habría de depender el cumplimiento del contrato escrito.'' 10 R. C. L. p. 1041, sec. 234; Id., p. 1051, sec. 244.

''Es admisible la prueba testifical para demostrar que un escrito, en forma de contrato, no llegó a ser jamás eficaz como contrato. En otras palabras, un convenio separado, que constituye una condición suspensiva (*condition precedent*) para que la obligación pueda ser exigible con arreglo al documento, puede probarse mediante prueba testifical.'' 10 R. C. L. p. 1053, sec. 249.

En realidad de verdad, el presente caso es una ilustración típica de la regla emitida. Véase IV, Wigmore, p. 3385, sec. 2410 y los casos que allí se citan.

Es de revocarse la sentencia recurrida y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocada la sentencia recurrida y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.