González Franqui, Demandante y Apelante, *v.* Brice, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de escritura y daños y perjuicios.

No. 1897.—Resuelto en febrero 14, 1919.

Demanda—Causa de Acción—Alegaciones.—Aduce hechos suficientes para determinar una causa de acción una demanda en la cual la demandante alega haber convenido con el demandado antes del otorgamiento de una escritura de venta en un contrato de préstamo y no de venta, haber quedado la demandante en posesión de la finca pagando al demandado supuestos cánones de arrendamiento que en realidad de verdad eran intereses de la cantidad percibida a préstamo, y haber sido el precio de la venta muy inferior al valor real de las propiedades.

Venta con Pacto de Retro—Alegaciones de la Demandante—Préstamo.—La alegación hecha por la demandante de haber obrado al firmar la escritura de venta con pacto de retro influída por la amenaza del demandado de no facilitarle la cantidad del préstamo si no firmaba dicha escritura y por el temor de que se ejecutara la hipoteca a cuya redención destinaba el dinero tomado al demandado, lejos de mostrar la existencia de un convenio posterior de venta con pacto de retro dejando sin efecto el anterior de préstamo, muestra únicamente las razones que tuvo la demandante para firmar la escritura consignándose en ella un contrato de venta con pacto de retro, cuando el contrato era realmente de préstamo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Joaquín Vendrell.*

Abogado del apelado: *Sr. Francisco González.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un caso sobre nulidad de escritura y daños y perjuicios iniciado en la Corte de Distrito de Huma-

cao por Amalia González Franqui contra James W. Brice mediante demanda en la cual se alegan los siguientes hechos:

(*a*) Que allá por el mes de septiembre de 1913 la demandante tomó en calidad de préstamo al demandado la suma de $1,000 por término de un año a vencer en 23 de septiembre de 1914, garantizando el pago de la deuda con una finca urbana y dos rústicas que juntas valen hoy $6,100.

(*b*) Que la cantidad objeto del préstamo se destinaba a pagar igual suma de $1,000 que la demandante adeudaba a Luis Pereyó y a cancelar la hipoteca que sobre las mismas fincas dadas en garantía al demandado estaba constituída a favor de aquél.

(*c*) Que no obstante haberse convenido un contrato de préstamo con las condiciones expresadas, en escritura otorgada a 23 de septiembre de 1913 en la ciudad de Humacao ante el notario Arturo Aponte Rodríguez se dió al préstamo el carácter de contrato de compraventa con pacto de retro por término de un año, figurando como cánones de arrendamiento $10 mensuales cuando realmente no había tales cánones sino intereses estipulados a razón del 1 por ciento mensual sobre los $1,000 prestados.

(*d*) Que el día del otorgamiento de la escritura la demandante se negó a firmar el contrato por no haberse consignado lo que real y positivamente se había convenido, y fué amenazada por el demandado con no facilitarle el importe del préstamo si no firmaba la escritura en las condiciones en que había sido redactada por el demandado, viéndose obligada la demandante a hacerlo por temor de que la hipoteca constituída a favor de Pereyó fuera ejecutada por éste para obtener el cobro de los $1,000 que anteriormente le había prestado.

(*e*) Que el demandado a sabiendas de que el contrato no era de compraventa con pacto de retro sino una mera garantía prestada por la demandante en pago de los $1,000, cuando venció el plazo fijado solicitó y obtuvo en el registro la nota

de consumación de la venta con el propósito deliberado de despojar a la demandante de la propiedad de sus fincas, entrando el demandado en posesión de ellas contra la voluntad de la demandante.

(*f*) Que el demandado en la fecha del otorgamiento de la escritura sabía que el valor de las tres fincas era entonces superior a $3,000 y se las apropió con el propósito de defraudar a la demandante en el verdadero valor de ellas.

(*g*) Que la demandante siempre ha estado y está dispuesta a entregar al demandado los $1,000 tomados a préstamo cuando sea requerida para ello o cuando la corte lo ordene.

(*h*) Que los actos ilegales y fraudulentos realizados por el demandado han causado a la demandante sufrimientos físicos y morales por temor de verse reducida a la miseria y grandes perjuicios por habérsele privado de la propiedad de las fincas y de sus rentas y productos, que estima en $3,000.

La demanda concluye con la súplica de que se declare nula la escritura de compraventa con pacto de retro de 23 de septiembre de 1913; de que se la ponga en posesión de las tres fincas de que se trata; de que se condene al demandado a pagar a la demandante la suma de $3,000 en concepto de indemnización de daños y perjuicios y que también sea condenado a pagar los gastos, costas y honorarios del abogado de la demandante.

A la anterior demanda opuso el demandado la excepción de que los hechos en ella alegados no determinaban una causa de acción y la corte por sentencia de 20 de junio de 1918 declaró con lugar dicha excepción y en su consecuencia desestimó la demanda con imposición de las costas a la parte demandante, contra cuya sentencia interpuso su representación recurso de apelación para ante esta Corte Suprema.

Como lo revela la simple lectura de la demanda, ésta ha sido interpuesta bajo la teoría de que el contrato de venta otorgado por demandante y demandado en escritura pública de 23 de septiembre de 1913 sujeto a un pacto de retroventa no era una venta condicional sino un préstamo hipotecario. Las

alegaciones hechas por la demandante de haber convenido con el demandado antes del otorgamiento de dicha escritura en un contrato de préstamo y no de venta, de haber quedado la demandante en posesión de las fincas pagando al demandado supuestos cánones de arrendamiento que realmente eran intereses de la cantidad percibida en préstamo, y de haber sido el precio de la venta muy inferior al valor real de las propiedades son bastantes a determinar una causa de acción.

En apoyo de la anterior conclusión invocamos nuestra decisión en el caso de *Monagas* v. *Albertucci*, 17 D. P. R. 715, donde dijimos:

"Todo el caso en realidad gira sobre la cuestión de si el documento escrito objeto de controversia era una hipoteca o una venta condicional. Si es lo segundo, deben cumplirse las condiciones del mismo; si es lo primero, debe permitírsele al demandante que devuelva el dinero recibido haciéndole un traspaso de los bienes. La verdadera intención de las partes en el momento de otorgar el documento escrito, es la que debe regir en la interpretación que le den los tribunales. Esto debe averiguarse de las circunstancias que concurrieron en la transacción y del texto del documento mismo. La norma correcta, en los casos en que tenga aplicación, es la continuación de la existencia de una deuda u obligación, entre las partes. De existir tal deuda u obligación, la venta puede considerarse meramente como una garantía de la deuda o como indemnización de una obligación. Por el contrario, si no existe deuda u obligación, entonces la transacción no es una hipoteca y sí meramente una venta con pacto de retro dentro de un tiempo determinado. Aun cuando cada caso debe contener sus propios hechos especiales, ciertas circunstancias se consideran como importantes, y los tribunales las consideran como aclarando la intención real de las partes y la naturaleza de tales transacciones; tales son la existencia de un contrato colateral ejecutado por el cedente para el pago de dinero al cesionario, su obligación de pagar interés, que el precio de la venta sea inadecuado, que el cedente quede todavía en posesión de los bienes traspasados, y cualquier negociación o solicitud de un préstamo con anterioridad o durante la transacción que dió lugar al traspaso.

La doctrina americana sobre este punto no difiere materialmente de los principios enunciados en nuestro Código Civil.

3 *Pomeroy's Equity Jurisprudence,* párrafos 1194 y 1195.

Código Civil de Puerto Rico, párrafos 1248, 1249, 1250, 1348, 1410 y 1421."

17 D. P. R. 715, 235 U. S. 81.

Y la alegación hecha por la demandante de haber obrado al firmar la escritura de venta con pacto de retro, influída por la amenaza del demandado de no facilitarle la cantidad del préstamo si no firmaba dicha escritura, y por el temor de que Pereyó ejecutara la hipoteca constituída a su favor, lejos de mostrar la existencia de un convenio posterior de venta con pacto de retro dejando sin efecto el anterior de préstamo, muestra únicamente las razones que tuvo la demandante para firmar la escritura, consignándose en ella un contrato de venta con pacto de retro, cuando el contrato realmente era de préstamo, según afirma y repite la demandante.

Por las razones expuestas es de revocarse la sentencia apelada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Asociados Sres. Wolf y Aldrey disintieron en la resolución de este caso.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO, SR. WOLF, CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO, SR. ALDREY.

No puede argüirse seriamente que el demandante firmó la escritura mediante intimidación o fraude según estos elementos han sido definidos en todas partes. Los hechos como han sido alegados demuestran que el demandado se negó a entregar el dinero a la demandante a menos que ella hiciera el contrato como se deseaba. Es verdad que el contrato era fuerte pero era un contrato que la demandante tenía derecho a hacer puesto que ella alegó que era mayor de 21 años. Ella convino en hacer una venta con pacto de retracto, y apareciendo este hecho claramente de la demanda no se expresó nin-

guna causa de acción para dejar sin efecto el contrato.  Estoy autorizado para decir que el Juez Asociado Sr. Aldrey está conforme con esta opinión disidente.