Félix Ochoteco, demandante y apelado, *v.* Ramón Córdova y Francisco López Sánchez, demandados y apelantes.

No. 6186.—*Sometido:* Enero 18, 1934. *Resuelto:* Septiembre 29, 1934.

*Antonio P. Rodríguez,* abogado de los apelantes; *Dubón & Ochoteco,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Félix Ochoteco, Jr., demandó a Ramón Córdova Díaz y Francisco López Sánchez para recobrar la suma de $450 como principal y $100 como costas y honorarios. Todo esto estaba evidenciado por un pagaré.

Como resultado de las alegaciones y de la prueba aducida durante el juicio, no hay duda de que los dos demandados mencionados adeudaban al demandante la suma recla-

mada. Sin embargo, los demandados radicaron una contestación que contenía una reconvención.

El demandante firmó un documento escrito que, con su endoso, lee como sigue:

"San Juan, P. R., noviembre 2, 1927.—He recibido de don Ramón Córdova en el día de hoy, la suma de quinientos dollars ($500.00) en moneda legal y corriente de los Estados Unidos de América, en calidad de préstamo y para disponer de la misma conforme a sus instrucciones y en la fecha que él mejor crea conveniente. (Firmado) Félix Ochoteco, Jr.—Cedo y traspaso a don Francisco López Sánchez por valor recibido el crédito que según el documento arriba suscrito me adeuda don Félix Ochoteco, Jr., montante a quinientos dólares, y en su consecuencia queda subrogado en mi lugar el don Francisco López Sánchez para que lo cobre del deudor y ejercite cuantos derechos y acciones a mí corresponderían, y al efecto hago constar que no he cobrado ni cedido en modo alguno dicho crédito, como tampoco he dispuesto del mismo en ninguna otra forma.—Cataño, P. R., junio 1, 1931.—(Firmado) Ramón Córdova."

Después que los demandados durante el juicio ofrecieron este documento en evidencia, se permitió al demandante que aportara prueba para demostrar que el documento por $500 en forma de recibo, era en realidad un depósito hecho por Ochoteco para determinado fin que oportunamente discutiremos. La corte convino con todas las contenciones del demandante y dictó sentencia por la suma reclamada por él. Existen numerosos señalamientos de error, mas según las partes mismas convienen, la mayoría de éstos se dirigen a la negativa de la corte a excluir prueba para variar los términos del documento escrito. Otros señalamientos de error se refieren a la supuesta insuficiencia de la prueba, la que a fin de dar una idea más clara de los hechos, consideraremos primeramente.

Sucede que Jorge Romero y su esposa tenían un procedimiento de quiebra y que ofrecieron un arreglo (*composition*) a sus acreedores. El demandado Córdova era uno de tales acreedores. La prueba del demandante tendió a demostrar que el Sr. Córdova entregó los $500 mencionados en

el recibo, no en calidad de préstamo al Sr. Ochoteco, sino en calidad de depósito, para que este último lo entregara a la Corte de Quiebras, a fin de ayudar a los deudores en la oferta de llegar a un arreglo. El testimonio del Sr. Ochoteco, a este respecto fué corroborado por el Sr. Francis, letrado de los quebrados, quien dijo que había recibido $450 en un cheque del Sr. Ochoteco. Respecto a los $50 restantes no hay cuestión alguna.

Ahora bien, los apelantes insisten en que la evidencia para variar los términos del documento escrito consistió principalmente en el testimonio del propio demandante Ochoteco. La declaración de un solo testigo es suficiente, si la corte le da crédito, y al igual que lo hizo la corte inferior no hallamos razón alguna para ponerla en tela de juicio. Además, la declaración del demandante fué corroborada por el Sr. Francis, y en otras formas; en realidad, por los términos del documento mismo.

Los apelantes igualmente insisten en que la declaración del Sr. Francis era totalmente inadmisible, toda vez que ella no era pertinente o esencial al caso y porque la misma no servía necesariamente de corroboración. Cuando la cuestión en disputa es si se efectuó el pago con determinado fin o si se entegó a la corte, el testimonio de otra persona al mismo efecto es pertinente y esencial, y desde luego, corroborativo.

La supuesta objeción principal en este caso es la admisión de la prueba oral, o sea, que la admisión de esta evidencia infringía las disposiciones del artículo 25 de la Ley de Evidencia, que lee así:

"Artículo 25.—Cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas dichas condiciones, por lo que no cabrá entre las partes y sus representantes o sucesores en interés, evidencia alguna de las condiciones del convenio, fuera de lo contenido en el documento, excepto en los siguientes casos:

"1. Cuando una equivocación o imperfección en el documento fuere alegado en el litigio.

"2. Cuando la validez del convenio constituyere el hecho controvertido.

"Pero este artículo no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare, según lo definido en el artículo veinte y ocho, o para explicar una ambigüedad extrínseca, o probar ilegalidad o fraude. La palabra 'convenio' incluye escrituras y testamentos, así como contratos entre las partes."

El Sr. Ochoteco declaró que al consignar en el recibo las palabras "en calidad de préstamo", quiso decir "en calidad de depósito." Los apelantes llaman nuestra atención hacia el hecho de que no se radicó alegación alguna que pusiera en controversia la supuesta equivocación o imperfección del documento. El apelado sostiene acertadamente que al radicarse una reconvención, al igual que cualquiera otra contestación, sus términos están en controversia de conformidad con las disposiciones del artículo 132 del Código de Enjuiciamiento Civil. No era necesario que el demandante radicara ninguna otra alegación a fin de demostrar el supuesto error. La cuestión relativa a si existía una equivocación o no, se confundió en las consideraciones principales de esta opinión.

La corte inferior basó su resolución en el derecho a admitir prueba oral para variar los términos del recibo, haciendo la siguiente cita de Jones sobre Evidencia, Casos Civiles, tercera edición, sección 491:

"Prueba Oral para Explicar Recibos. Desde hace largo tiempo ha quedado bien establecido que un recibo por escrito relativo al pago de dinero no es concluyente, y que el mismo está sujeto a ser explicado mediante prueba oral. Los recibos, de ordinario, son generales en sus expresiones y muchas cuestiones, que no fueron consideradas al tiempo de su otorgamiento podrían estar cubiertas por expresiones generales contrarias al derecho y a la intención de las partes, de tal suerte que tales documentos son generalmente tratados como admisiones sujetas a ser explicadas, y no como concluyentes. Así, pues, podría demostrarse que un recibo que se supone sea de dinero, fué en realidad dado como garantía. Recibos que son otorgados en forma de cartas de pago bajo sello y que se suponen haber sido expedidos

por el importe total de los créditos, pueden ser explicados mediante prueba de que existió fraude o error. Cuando el recibo se supone ser en pago total o como transacción de una reclamación, las cortes frecuentemente se han negado a admitir prueba oral de la omisión de otros términos o condiciones, considerándose el documento como un contrato. Mas, según el gran peso de las autoridades, el mero hecho de que un recibo exprese en su faz que el mismo se otorga 'por la totalidad' de cualesquiera reclamaciones, no impide que se presente prueba oral para hacer variar sus efectos.''

No dudamos que esta jurisprudencia fuera aplicable. Los apelantes dicen, en efecto, que el recibo era un contrato, pero la cita demuestra que importa poco que se considere o no como un contrato.

En apelación sucede que el apelado se funda parcialmente en el hecho de que la verdadera causa de un contrato puede ser probada con evidencia oral, citando a 22 C. J. p. 1157, sección 1555.

La siguiente cita de la Ley de Evidencia es de alguna aplicación:

''Artículo 101.—Las siguientes presunciones se estiman concluyentes, con exclusión de todas las demás:

''1.—   .     .      .       .        .        .          .           .      .

''2.—La verdad de los hechos relatados, en la relación contenida en un documento escrito, entre las partes interesadas en el mismo o sus sucesores en interés por título adquirido posteriormente; pero esta regla no será aplicable a la relación de una compensación.

''  *        *        *        *        *        *        *  ''

El artículo 1241 del Código Civil dispone:

''En los contratos onerosos se entiende por causa, para cada parte contratante, la prestación o promesa de una cosa o servicio por la otra parte; en los remuneratorios, el servicio o beneficio que se remunera, y en los de pura beneficencia, la mera liberalidad del bienhechor.''

Bajo este artículo, y generalmente, es evidente que la verdadera causa que pasó de Ochoteco a Córdova no fué que Ochoteco estuviera en la obligación de devolver el dinero,

sino en la obligación de depositar el mismo en la Corte Federal.

En lo que a nosotros concierne, creemos que una excepción más fuerte a la regla sobre prueba oral puede hallarse en el contexto del propio artículo 25: "Pero este artículo no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare, según lo definido en el artículo veinte y ocho, o para explicar una ambigüedad extríuseca, o probar ilegalidad o fraude."

En parte esta excepción está expresada en forma concordante en 22 C. J. 1259, párrafo 1679:

"Generalmente se considera que prueba oral es admisible cuando es ofrecida, no con el fin de variar los términos de un contrato escrito, sino con el objeto de explicar y demostrar la verdadera naturaleza de la transacción evidenciada por el mismo, especialmente cuando es claro que el lenguaje usado, tomado en su sentido literal, no demuestra la verdadera transacción envuelta, o cuando el documento es atacado por razón de fraude. Este principio puede hallarse aplicado en aquellos casos en que se ha admitido prueba para demostrar que, aunque un escrito evidencie por su faz una enajenación absoluta de bienes o una promesa absoluta de pagar dinero, la verdadera transacción consistió meramente en la prestación de una garantía o en el pago de una indemnización, o que el cesionario en un documento escrito, como por ejemplo una escritura, cesión, escritura de compraventa, o algo similar, que por sus términos pasa el título de bienes, tomó el título sujeto a un fideicomiso. Igualmente podría demostrarse que una enajenación hecha por un padre a uno de sus hijos se hizo a manera de anticipo; que el endoso de un documento negociable se efectuó meramente con el fin de cobrarlo; o que una transacción legal, en tanto en cuanto se desprende del documento, era en realidad usuraria."

En las notas se hace referencia al caso de *Brick* v. *Brick,* 98 U. S. 514, en que la corte permitió prueba oral para demostrar que un certificado de acciones expedido al peticionario como dueño, le fué entregado en garantía de un préstamo de dinero. La corte citó el caso de *Peugh* v. *Davis,* 96 U. S. 336, donde se admitió prueba para demostrar que cuando un documento participaba de la forma de una ena-

jenación, el mismo era en realidad una garantía. Ambos casos fueron citados más tarde en el de *Cabrera* v. *American Colonial Bank,* 214 U. S. 224, que fué apelado de la Corte de Distrito de los Estados Unidos para Puerto Rico. El segundo sumario de este caso lee así:

"La faz de un documento no siempre es concluyente de su fin; y, en equidad, se admite prueba extrínseca para demostrar que una enajenación, absoluta en su forma, ha sido intentada como una garantía; y en este caso prueba dirigida a la causa (*consideration*) de un contrato de compraventa y demostrativa de que si bien de su faz se desprendía que el comprador convenía en ceder su deuda, la verdadera causa fué ayudar al vendedor y dar al comprador garantía adicional, sería admisible de acuerdo con nuestra ley, al igual que con la ley española; y *quaere* si la ley española no permite prueba oral respecto a todas las condiciones de un contrato, de igual forma que se hace con el mismo documento escrito, hasta un límite mayor que el permitido por nuestra propia ley."

Al margen de esta opinión, a las páginas 232 y 233, se hizo un considerable número de extractos de la Ley de Evidencia de Puerto Rico, incluyendo los artículo 25, 28 y 101. La corte igualmente hace referencia, para sostener su opinión, al caso de *Horton* v. *Roberts,* 11 D.P.R. 176. La corte siempre mirará a la verdadera transacción realizada por las partes.

También hemos examinado la decisión original emitida por la Corte Federal que aparece publicada en III Puerto Rico Federal Reports, pág. 14, que cita igualmente el caso de *Peugh* v. *Davis,* supra, y que dice que la corte penetra más allá de los términos del documento para determinar la verdadera transacción efectuada.

Los apelantes hallan algún alivio en el caso de *Monagas* v. *Albertucci,* 17 D.P.R. 712. Ahora bien, hubo un *dictum* en esa opinión que decía que prueba oral era inadmisible para demostrar que un contrato de compraventa, con pacto de retro, no podía justificarse que fuera una hipoteca. Sin embargo, si se lee con cuidado la opinión se verá que esta

corte realmente resolvió que no había suficiente prueba para demostrar la existencia de una hipoteca.

Esto también se desprende cuando se considera el caso en apelación para ante la Corte Suprema de los Estados Unidos, *Monagas* v. *Albertucci,* 235 U. S. 81, 87, donde la corte, por voz del Juez Asociado Sr. White, dijo lo siguiente:

"Mas cuando se considera la relación que del caso hemos hecho, la cuestión descansa en la más palpable errónea apreciación de la actitud de la corte inferior, toda vez que, conforme hemos visto, su conclusión de que la corte inferior cometió error al resolver que el contrato de venta era de hipoteca, no surgió de la resolución de que existía falta de autoridad para admitir cualquier prueba con tal fin, sino del hecho de que el testimonio específico ofrecido y recibido con la objeción de una de las partes, se halló, después de considerarlo y apreciarlo, que no tenía relación legal con tal objetivo y que por ende no presentaba fuerza probatoria alguna tendente a sostener que se variara el contrato."

Véase también *Cuyugan* v. *Santos,* 34 Jurisprudencia Filipina 104, con sus citas de *Monagas* v. *Albertucci,* supra.

Así, pues, llegamos a la conclusión de que bien se admitiera la prueba oral para demostrar la verdadera naturaleza del recibo o para evidenciar que la causa del contrato fué distinta a la expresada, o para demostrar cuál fué la verdadera transacción entre las partes, toda la cuestión analizada tiende exactamente hacia la misma verdad, o sea, que para demostrar el verdadero contrato, nexo o relación entre las partes, era admisible prueba oral.

Igualmente creemos, dada la naturaleza de la prueba, que el excluir esta evidencia hubiese equivalido a un fraude contra el demandante. En otras palabras, obligarle a pagar algo sin que existiera una verdadera causa (*consideration*) para ello. Las cortes no permitirán que la regla que prohibe la admisión de prueba oral (*parol evidence rule*) encubra un fraude.

Otro señalamiento de error fué que la Corte de Distrito de San Juan carecía de jurisdicción por ser la reclamación

menor de $500. El pagaré de su faz demuestra que la reclamación era por $450, más los $100 para costas y honorarios de abogado, que cae muy bien dentro de la suma que da jurisdicción a la corte de distrito.

*La sentencia apelada debe ser confirmada.*