ALBINO NIETO, demandante y apelado, *v.* ANGEL TORRES y su esposa doña CASTORA DUCO, demandados y apelantes.

Núm. 7932.—*Sometido:* Febrero 8, 1940. *Resuelto:* Febrero 15, 1940.

*Enrique Báez García,* abogado de los apelantes; *A. Ramírez Silva,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante en este caso estableció acción en cobro del precio aplazado de cierta finca que alegó haber vendido a los demandados por la cantidad de $450, de la cual recibió en el acto de la escritura $76, y los restantes $374 se comprometieron los demandados a pagarle dentro del término de un año contado desde la fecha del otorgamiento de la escritura, o sea el 21 de agosto de 1934, con interés al 1 por ciento mensual desde dicha fecha hasta el total pago de la deuda; que vencida la citada obligación, el demandante requirió y ha requerido distintas veces a los demandados para que le paguen dicha suma, no habiendo sido satisfecha ni en todo ni en parte, ni tampoco los intereses de mora anteriormente mencionados.

Los demandados negaron las alegaciones de la demanda y por vía de contrademanda alegaron que el demandante contrademandado solicitó de ellos un préstamo por la suma de $66, con el fin de pagar a Ramón Aldecoa igual suma que se hallaba adeudando a dicho señor y la cual había garantizado con una venta con pacto de retro, deuda que estaba vencida y cuyo pago exigía el acreedor; que los demandados contrademandantes accedieron a conceder el préstamo solicitado por el demandante contrademandado, entregándole la suma de $66 para la cancelación de dicha hipoteca, más $10

para los gastos del notario, otorgándose entonces una escritura de compraventa de la finca en cuestión, pero entendiéndose entre las partes, que dicha escritura era sólo una garantía de los $76 facilitados en préstamo; que en armonía con esa estipulación los compradores nunca tomaron posesión de la finca ni ejercitaron actos de dominio sobre la misma, continuando el vendedor, no obstante la aparente venta, en posesión de dicha finca, ejercitando sobre ella actos de dominio y recibiendo sus frutos; que vencido el préstamo el 21 de agosto de 1934 el demandante contrademandado no ha satisfecho dicha suma ni en todo ni en parte a pesar de los requerimientos héchosle por los contrademandantes. Termina la contrademanda con súplica de que se condene al demandante contrademandado a pagar a los contrademandantes la cantidad de $76 de principal, más intereses legales sobre dicha suma desde la interposición de la demanda, y las costas.

La Corte Municipal de Mayagüez, donde se originó el caso, declaró con lugar la demanda y sin lugar la contrademanda. Fué el caso en apelación a la corte de distrito correspondiente, y habiéndose retirado su Juez Hon. Charles E. Foote antes de resolver este caso, se sometió al actual Juez Hon. F. Navarro Ortiz por el récord taquigráfico, dictando éste la sentencia que declaró con lugar la demanda y sin lugar la contrademanda. Fué contra ésta que se interpuso el presente recurso.

El primero de los errores señalados por los apelantes es el siguiente:

"La corte cometió error al no permitir al demandado declarar sobre el contenido del contrato, explicando las condiciones en que el mismo fué otorgado, privando así al demandado de oportunidad de establecer los hechos de la contrademanda."

En efecto, en la exposición del caso (pág. 10) y en relación con la declaración del demandado contrademandante Angel Torres, aparece lo siguiente:

"P. Explíquele a la Corte cómo fué ese negocio.

"R. En el 1933 el señor Albino Nieto tenía un negocio de hipoteca con...

"Lic. Ramírez Silva: Nos vamos a oponer a que se traiga prueba fuera de la escritura.

"Hon. Juez: Sí, no se puede cambiar con prueba oral los términos del contrato. Ahora la cuestión no es respecto a lo que convinieron; y los términos del contrato no se pueden cambiar viniendo ahora a decir que en vez de convenir esto, convinieron otra cosa. Ahora lo que interesa a la parte es probar que no fué un traspaso por el hecho de que se quedó en la posesión, y las otras circunstancias, pero no lo que convinieron. La Corte va a admitir evidencia de los actos de las partes después del otorgamiento de la escritura.

"Lic. Báez García: Con nuestra excepción."

A nuestro juicio, existe el error señalado. La prueba ofrecida por el contrademandante era perfectamente admisible. A ese efecto se dice en 2 *Jones on Evidence in Civil Cases,* 4a. ed. (1938), pág. 951, sec. 446:

"*Carácter del documento como absoluto o garantía:* El Juez Field dijo en un caso cumbre: 'Es doctrina establecida que una corte de equidad considerará una escritura que de su faz aparece ser una venta, como una hipoteca, cuando se otorga como garantía de un préstamo en dinero. La corte va más allá de los términos del documento para penetrar en la transacción realmente celebrada; y cuando se demuestra que la transacción es una garantía y no una venta, dará efecto al contrato realmente celebrado por las partes. Como la equidad, a base de la cual actúa la corte en tales casos, va al carácter verdadero de la transacción, cualquier evidencia escrita u oral tendente a demostrar la transacción es admisible. La regla que excluye evidencia oral para contradecir o variar un documento escrito se refiere al lenguaje usado por las partes. Éste no puede ser restringido o variado en su significado natural, sino que debe hablar por sí mismo. La regla no prohibe una investigación en cuanto al propósito de las partes al otorgar y recibir el documento. Ésta ha sido desde hace tiempo la regla establecida en las cortes de equidad y aunque hay casos antiguos que aparentemente han sido ya revocados o abandonados que sostienen que la evidencia oral se recibe solamente para demostrar fraude o error, la doctrina así restringida sólo prevalece todavía en una jurisdicción. En algunas jurisdicciones se ha considerado suficiente evidencia de

fraude el que el comprador trate el traspaso como absoluto cuando en realidad de verdad no lo es. La tendencia de las decisiones modernas, particularmente en los casos más recientes, es que tal evidencia debe ser recibida para demostrar la naturaleza y objeto de la transacción, aunque no se alegue ni pruebe fraude o error. Se ha sostenido que el pacto de retrovender, ya sea por escrito u oral, no es más que una de las condiciones a base de las cuales se ha otorgado la escritura, y por consiguiente constituye una parte de la consideración para el traspaso.' "

Véase también el caso de *González Franqui* v. *Brice,* 27 D.P.R. 69, y por analogía el más reciente de *Ochoteco, Jr.* v. *Córdova,* 47 D.P.R. 554.

De la prueba resulta, además, que en efecto los demandados contrademandantes no estuvieron nunca en posesión de la finca que aparentemente habían comprado, y que el vendedor continuó ocupándola, ejerciendo sobre ella actos de dominio y percibiendo sus frutos.

Bajo tales circunstancias, la prueba del contrademandado apelante tendente a demostrar la verdadera naturaleza de la transacción celebrada entre las partes era admisible, y al rechazarla la corte inferior, cometió error perjudicial que causa la revocación de la sentencia.

*Por lo expuesto, procede, a nuestro juicio, declarar con lugar el recurso, revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos.*