JESÚS BIGAS, demandante y apelante, *v.* VALENTINA MONFORTE, demandada y apelada.

Número 10990.

*Sometido:* 5 de marzo de 1954. *Resuelto:* 13 de abril de 1954.

310

*Luis A. Garrastegui* y *Dennis Martínez,* abogados del apelante; *Félix Ochoteco, Jr.,* y *Antonio Zapater Cajigas,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

En 1939 Valentina Monforte, la demandada en este caso, realizaba gestiones para comprar el negocio que para aquel entonces operaba la razón social Juan Bigas, Sucrs. Jesús Bigas, el aquí demandante y uno de los socios de la firma, le dijo a la demandada que él se opondría a la venta a menos que aquélla le diera algún dinero privadamente en adición a su participación en el precio de venta. De conformidad, el 22 de mayo de 1939 la demandada suscribió un documento que lee así: "Me comprometo a entregar en un pagaré al 8 por ciento anual la cantidad de $500 en caso que yo compre el negocio de Juan Bigas, Sucrs." La demandada otorgó un documento similar por $1,000 el 19 de mayo de 1939. Pocos meses después, la demandada compró el negocio en cuestión por $40,000 y se hizo cargo de todo su pasivo.

En 1950 el demandante instó pleito contra la demandada solicitando que se ordenara a ésta otorgara los dos pagarés a favor del demandante, más $900 de intereses devengados. En el juicio del caso la demandada declaró que una de las condiciones de los dos documentos era que el precio de venta del negocio sería $30,000, y que esta condición no se había cumplido toda vez que ella se vió precisada a pagar $40,000 para

poder comprar el negocio. El tribunal sentenciador dió cré-- dito a este testimonio—el cual negó el demandante—y dictó sentencia a favor de la demandada.

 Sostiene el demandante en apelación que el tribu-- nal sentenciador cometió error al permitir testimonio oral que variaba el contenido de los documentos escritos aquí envueltos. No estamos conformes. Hemos resuelto que bajo el artículo 25 de la Ley de Evidencia—artículo 387, Código de Enjuiciamiento Civil, ed. de 1933—evidencia oral es admisible para demostrar una condición previa a la existencia y al cumplimiento de un contrato escrito no empece el hecho de que tal condición no aparezca en el convenio escrito. De igual manera, el hecho de que el contrato escrito contenga una condición previa—que la demandada compre el negocio—no quiere decir que es inadmisible evidencia oral para probar otra condición previa a la existencia del contrato; es decir, que el negocio se compre por $30,000. *Laborde* v. *López*, 26 D.P.R. 534; *Ochoteco, Jr.* v. *Córdova*, 47 D.P.R. 554; *Nieto* v. *Torres*, 56 D.P.R. 154; *Ramírez* v. *Ramírez*, 65 D.P.R. 544; *Sánchez* v. *De Choudens*, ante pág. 1; 3 Williston, *Contracts*, edición revisada, pág. 1813 *et seq.*, especialmente las págs. 1825–6; IX Wigmore, *Evidence*, pág. 117. *Cf. Collazo* v. *Conesa*, 70 D.P.R. 155; *París* v. *Canety*, 73 D.P.R. 403. El tribunal sentenciador no cometió error al admitir testimonio oral de la demandada al efecto de que los documentos que ella suscribió estaban condicionados al precio de venta de $30,000 por el negocio.

El demandante también se queja de que se le concediera a la demandada honorarios de abogados ascendentes a $300. No encontramos base para intervenir con la actuación del tribunal sentenciador a este respecto.

*La sentencia del Tribunal Superior será confirmada.*